UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNIVERSITY SPINE CENTER on assignment of Minerva L.,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**CIGNA HEALTH AND LIFE INSURANCE COMPANY,**<br><br>　　　　　　　　　　**Defendant.** | Civ. No. 17-13596 (KM)<br><br>OPINION |

This is an action under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* University Spine Center ("University"), an out-of-network provider, sues as assignee of its patient, "Minerva L." University alleges that it is owed additional insurance reimbursement for medical services provided. The claims administrator of the patient's health benefit plan, defendant Cigna Health and Life Insurance Company ("CHLIC"), moves under Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief may be granted. For the reasons stated herein, I will grant the motion to dismiss without prejudice.

**I.    The Complaint**

The allegations of the complaint ("Cplt.", ECF no. 1) are taken as true for purposes of this motion. *See* Section II, *infra*. They are as follows:

University is a medical services provider. CHLIC is a third-party claims administrator.

On March 23, 2015, 2015, University provided medical services to Minerva L.—specifically, an anterior spinal discectomy and fusion, as well as other surgery to the lumbar spine. (Cplt. ¶¶ 4–5) Minerva L. assigned her rights to payment of benefits under her insurance plan, as well as her ERISA rights,

1

to University. (*Id.* ¶ 6)

University, an out-of-network provider, alleges "[u]pon information and belief, [that] Defendant has failed to make payment pursuant to the controlling Plan or Policy." (Cplt. ¶ 3) University prepared claim forms demanding reimbursement in the amount of $195,032 from defendant CHLIC. CHLIC reimbursed University in the amount of $52,045.41. (*Id.* ¶¶ 7–8) By University's reckoning, after deductions, copayments and coinsurance, it has been underpaid in the amount of $64,973.79. (*Id.* ¶ 13)

University exhausted the administrative appeals process. (*Id.* ¶ 9) It requested copies of the Plan and identification of the Plan Administrator/Plan Sponsor, but did not receive them. (*Id.* ¶¶ 10–11)

The Complaint asserts two causes of action:

COUNT ONE - FAILURE TO MAKE ALL PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B); and

COUNT TWO - BREACH OF FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1), and 29 U.S.C. § 1105(a)

## II. Standard on a Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

Fed. R. Civ. P. 8(a) does not require that a complaint contain detailed

factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

The United States Court of Appeals for the Third Circuit has explicated *Twombly/Iqbal* and provided a three-step process for evaluating a Rule 12(b)(6) motion:

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to a state a claim for relief. *See* [*Iqbal*, 556 U.S.] at 675; *Argueta*, 643 F.3d at 73. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

*Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

### III. Analysis

University sues as assignee for underpayment of insurance benefits. Such a claim requires that the plaintiff identify an entitlement to such benefits under the relevant plan:

3

> Under § 502(a)(1)(B) of ERISA, a "participant" or "beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). To state a claim under § 502(a)(1)(B), a plaintiff "must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan." *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006) . . . .

*Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, No. CV174600FLWDEA, 2018 WL 1420496, at *10 (D.N.J. Mar. 22, 2018) (Wolfson, J.)

CHLIC's motion to dismiss raises no dispositive legal issue; it is a pure claim of inadequate factual pleading under the standards of *Twombly* and *Iqbal*, *supra*. The key defect, says CHLIC, is one found in multiple complaints filed by University's law firm. This Complaint merely states that University was reimbursed in an amount less than that claimed. It does not cite the relevant Plan or state why the amount was incorrect under its terms:

> Plaintiff, as assignee, seeks additional payment on claims for medical services provided by various practitioners but fails to provide even the most basic information about the claim. No theory at all is articulated as to why Plaintiff is entitled to additional reimbursement. No benefit plan term is identified as being violated, nor is any generic problem such as a mistaken determination of medical necessity alleged. These pleadings are simply blank.
>
> . . .
>
> So far as the pleadings reveal, Plaintiff simply has no idea why it should be paid more money, only that it received less than demanded. Federal Rule 8 governing pleading, and rule 11 requiring a reasonable investigation into the basis for a claim, require more.

(Def. Brf. 1–2)

University's frustration is no less palpable. It is entitled, it says, to be reimbursed at the usual, customary, and reasonable rate "unless otherwise established by Defendant. Plaintiff does not accept, on blind faith alone, that Defendant reimbursed them appropriately according to the terms of the

4

Patient's plan." (Pl. Brf. 1–2) In many such cases, says University, out-of-network providers are kept in the dark; they must initiate litigation to find out if they have been reimbursed in accordance with the benefit Plan. (Pl. Brf. 2) University says it requested a copy of the Plan from CHLIC, but did not receive it, so it had no choice but to sue. University does not accept CHLIC's stand-pat posture: "All Defendant needs to do to defend against Plaintiff's claim that they failed to make payments under the plan is *actually produce the plan* and show that the claim was paid appropriately per its terms." (Pl. Br. 4)

Be that as it may, this Complaint does not meet *Twombly/Iqbal* standards. University all but admits that it has filed a boilerplate complaint against the Claims Administrator in order to *find out* if it has been underpaid under the terms of the Plan, effectively shifting its Rule 8 pleading burden to the defendant. That approach, however convenient for a plaintiff, does not comport with the requirement that a complaint state *facts* permitting a plausible "inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If the problem is that University does not possess a copy of the Plan, it is not without recourse. Under ERISA, University's patient—in whose name it is suing—is entitled to obtain a copy of the Plan and other relevant information. CHLIC seems to concede that University is entitled to a copy of the Plan. The entity obliged to supply that copy, however, is not CHLIC, the Claims Administrator, but the Plan Administrator.[1]

---

[1] ERISA § 503-1 (j)(3) imposes a requirement on each ERISA plan administrator to provide, "[a] statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." A plan "administrator" is: "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." 29 U.S.C. § 1002(16)(A).

*Atl. Orthopaedic Assocs., LLC v. Blue Cross*, No. 15-CV-1854 (KM), 2016 WL 889562, at *5 (D.N.J. Mar. 7, 2016).

5

Surely University is correct in stating that CHLIC has not gone the last mile in helpfulness. But as a third-party Claims Administrator, it is not obligated to take on additional duties, and University cannot circumvent the ERISA statutory scheme by simply suing the most convenient or identifiable party. ERISA has set up procedures for insureds to obtain the necessary documents from the Plan Administrator. It is not too much to ask a party to do so before filing suit.

In so holding, I join recent holdings of other judges of this district. In *Atl. Plastic & Hand Surgery, supra,* for example, Judge Wolfson emphasized that an ERISA claim requires plaintiff to allege and prove an entitlement to "benefits due to him *under the terms of his plan.*" 2018 WL 1420496 at *10 (citing ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); emphasis added). The complaint failed, she wrote, because it "fail[ed] to identify—or allege the existence of—any provision in the Plan requiring Defendants to pay for out-of-network services in accordance [with] the 'usual and customary rate,' or otherwise specify which terms of the Plan were violated by Defendants' alleged underpayment." In every way that matters, University's complaint in this case is similar, and it likewise merits dismissal.

In *Lemoine v. Empire Blue Cross Blue Shield,* 2018 WL 1773498 (D.N.J. Apr. 12, 2018), Judge Vasquez dismissed a similar complaint. The plaintiff there, he wrote, "fail[ed] to plausibly plead which portions of either [Plan] have

---

That duty is enforceable via ERISA § 502(c(1):

> In order to state a claim under § 1132(c)(1), a plaintiff must allege that 1) it made a request to a plan administrator, 2) who was required to provide the requested material, but 3) failed to do so within 30 days of the request. *Narducci v. Aegon USA, Inc.,* No. 10–955, 2010 WL 5325643, at *3 (D.N.J. Dec. 15, 2010) (Cavanaugh, J.). As these elements and the statutory language itself make plain, liability attaches only to the specifically designated plan administrator.

*Spine Surgery Assocs. & Discovery Imaging, PC v. INDECS Corp.,* 50 F. Supp. 3d 647, 656 (D.N.J. 2014).

been violated. . . . In sum, Plaintiff is responsible for plausibly alleging why, under either or both of the plans, Defendants are liable. . . . [A]s to which actual portions of the plans were violated, when they were violated, or how they were violated, Plaintiff fails to provide plausible factual allegations." *Id.* at *6. The same defects mar University's complaint here.

The requirements of Rule 8 are not onerous, but they are real. They have not been met here.

## CONCLUSION

For the foregoing reasons, the motion (ECF no. 10) under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim is **GRANTED**. Because this is a first dismissal, it is without prejudice to the submission, within 30 days, of a properly supported motion to amend the Complaint.

An appropriate Order is filed herewith. The clerk shall close the file.

Dated: August 29, 2018

_____
**Kevin McNulty**
**United States District Judge**